UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Brian Bartley**
E11751 Gall Road
Baraboo, WI 53913

        Plaintiff,

    vs.

**Thermo Fisher Scientific, Inc.**
Registered Agent:
Capital Corporate Services, Inc.
301 S. Bedford Street, Suite 1
Madison, WI 53703

**Liberty Life Assurance Company of Boston**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

        Defendants.

Case No. <u>18-cv-425</u>

# COMPLAINT

The Plaintiff, Brian Bartley, by Hawks Quindel, S.C., for his complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Baraboo, Wisconsin.

00538448

2. Defendant, Liberty Life Assurance Company of Boston ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of Massachusetts, licensed to do business in Wisconsin.

3. Defendant Thermo Fisher Scientific, Inc. on information and belief is a corporation organized under the state of Massachusetts.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in employee welfare benefit plans governed by ERISA to recover short and long term disability benefits due from Defendants pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the short and long-term disability insurance ("STDI" and "LTDI" respectively) benefits provided by his employer.

9. Defendants approved Plaintiff's claim for STDI benefits from February 22, 2017 until June 22, 2017.

10. Defendants denied Plaintiff's claim for STDI benefits beyond June 22, 2017.

11. Had Defendants properly paid Plaintiff's STDI benefits, said benefits would have run until August 20, 2017.

12. Plaintiff's STDI benefit is worth $615.05 per week.

13. Defendants denied Plaintiff's claim for LTDI benefits entirely.

14. Had Plaintiff been properly approved for LTDI benefits, he would have begun receiving benefits as of August 21, 2017.

15. Plaintiff's LTDI benefit is worth $2,284.47 per month.

16. Defendants determined whether Plaintiff was eligible for STDI and LTDI benefits.

17. Defendants were responsible for paying Plaintiff's STDI and LTDI benefits.

18. Plaintiff timely appealed Defendant's denials of Plaintiff's benefits claim.

19. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeals.

20. Plaintiff submitted all information requested by the Defendants.

21. Defendants failed to consider the issues raised in Plaintiff's appeals.

22. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendants did not perform a "full and fair review" of Plaintiff's claims.

24. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's files.

26. Defendants failed to engage in a meaningful dialogue with Plaintiff.

27. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

28. Defendants conducted a selective review of Plaintiff's medical records.

29. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

30. At all times material to this complaint, Plaintiff has remained disabled and eligible for STDI and LTDI benefits – during the applicable claims periods.

31. At all times material to this case, the short and long term disability plans remained in full force and effect.

32. Defendants' denial of Plaintiff's claim for STDI and LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the short and long term disability plans.

35. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

36. Defendants wrongfully denied STDI and LTDI benefits due to Plaintiff.

37. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

38. Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

40. As both the payer of claims and the adjudicator of claim eligibility, Defendants have an inherent conflict of interest.

41. Defendants' denial of Plaintiff's STDI and LTDI benefits was "downright unreasonable."

42. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STDI and LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Brian Bartley, demands judgment from the Defendant for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plans;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: June 4, 2018

**HAWKS QUINDEL, S.C.**

By: _/s/ William E. Parsons_
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
409 East Main Street
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Brian Bartley